UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD MOYNIHAN :
          Plaintiff : CIVIL ACTION NO.
           :
VS. :
           : **07 CIV. 0234**
GREAT-WEST LIFE & ANNUITY :
INSURANCE COMPANY :
         Defendant. : JANUARY 11, 2007

## COMPLAINT

The Plaintiff, Daniel Moynihan ("Mr. Moynihan"), files this Complaint against Great-West Life & Annuity Insurance Company ("Great-West") and states the following:

### NATURE OF THE ACTION

This action is brought by Mr. Moynihan against Great-West, his former employer, for unlawfully and willfully termination against him on the basis of his age, in deprivation of his rights secured by the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 626(b), as amended, which incorporates by reference § 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b), as amended.

In connection with Mr. Moynihan's claims, he seeks reinstatement, compensatory money damages for lost wages, lost benefits and other employee compensation, as well as liquidated damages and attorneys' fees.

JURISDICTION AND VENUE

1.      This Court has original jurisdiction over this controversy pursuant to the ADEA, 29 U.S.C. § 626(b), and 28 U.S.C. § 1331, 28 U.S.C. § 1332.

2.      On August 18, 2005, Mr. Moynihan filed a charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC").

3.      Mr. Moynihan's charge was timely filed with the EEOC within the time limits prescribed in 29 U.S.C. § 626(d).

4.      On October 13, 2006, the EEOC issued a Notice of Right to Sue ("Notice") authorizing Mr. Moynihan to file suit against Great-West within 90 days of Mr. Moynihan' receipt of the EEOC's Notice.  This Complaint is filed within said 90 day period.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(B)(2) in that a substantial part of the events giving rise to the action occurred in the State of New York.  Mr. Moynihan was employed at Great-West's White Plains, New York office.

## PARTIES

6.      Mr. Moynihan was born on December 8, 1951 and is 55 years of age and currently resides at 16 Old Witch Court, Rowayton, Connecticut 08853.

7.      At all times relevant herein, Great-West was and is a stock corporation, and employer, within the meaning of U.S.C. § 630(b), duly organized and existing under the laws of the State of Colorado, employing at least 20 employees.

## STATEMENT OF CLAIMS

8.      Mr. Moynihan began his employment in 1973 with New England Financial ("NEF"), which was acquired by Great-West in 2001.

9.      During his 27 plus year career with NEF, Mr. Moynihan consistently received favorable performance reviews.

10.     Subsequent to the acquisition, Great-West continued to employ Mr. Moynihan will full recognition of his 27 plus years of service with NEF.

11.     Mr. Moynihan's initial position with Great-West was as a Regional Marketing Director.

12.     Upon information and belief, Great-West violated its contractual agreement with NEF to maintain at least ten sales offices as NEF offices and, in June 2002, demoted Mr. Moynihan to a Sales position and denied him severance under such contractual agreement.

13.     Such demotion and such severance denial discriminated against the older employees who headed up such sales offices.

14.     Between 2001 and 2004, Mr. Moynihan continued to receive favorable performance reviews while employed by Great-West.

15.     In recognition of his excellent job performance, Mr. Moynihan received an award from Great-West 2003.

16.     In May 2004, Mr. Moynihan received a written warning from Great-West to improve his job performance.

17.     Upon information and belief, younger employees whose job performance was worse than or no better than Mr. Moynihan's, did not receive written warnings from Great-West.

18.     In September of 2004, Mr. Moynihan was issued a probationary warning relating to his job performance.

19.     Upon information and belief, younger employees whose job performance was worse than or no better than Mr. Moynihan's were not issued probationary warnings from Great-West.

20.     On December 16, 2004, Great-West wrongfully terminated Mr. Moynihan, alleging unsatisfactory job performance relating to his sales accomplishments.

21.     Upon information and belief, younger employees whose job performances were either worse than or no better than Mr. Moynihan's were not terminated by Great-West or given job performance reviews alleging unsatisfactory sales accomplishments..

22.     At the time Mr. Moynihan was wrongfully terminated by Great-West, he was employed as a sales representative earning an annual salary of $60,000, plus an annual bonus.

23.     Upon information and belief, Great-West has demoted, terminated or laid-off the vast majority of "similarly situated" employees in Mr. Moynihan's age group that were selling Great-West's product prior to its "realignment and consolidation" that occurred in 2002.

24.     Such terminations were discriminatorily based on their age.

25.     Upon information and belief, Great-West has filled Mr. Moynihan's position with a substantially younger and less qualified individual.

26.    Younger employees have been hired into sales positions at Great-West over the last three years.  The following are the names and approximate ages of two such individuals:

(a)    T. Crolius, approximately age 35; and

(b)    Michael Pernaseeli, approximately age 32.

Neither of whom are as qualified as Mr. Moynihan is for such positions.

<u>VIOLATIONS OF LAW</u>

Count One:  *(Violation of the Age Discrimination In Employment Act)*

27. - 50.    Paragraphs 1 through 26 are hereby incorporated by reference and made Paragraphs 27 through 50 of Count One.

51.    Great-West willful, unlawful and discriminatory termination of Mr. Moynihan's employment on account of his age violated the provisions of the ADEA, 29 U.S.C. §§ 621, et seq., justifying an award, inter alia, of back pay, reinstatement or front pay, liquidated damages, and benefits against Great-West.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Moynihan respectfully requests this Court to enter:

(a)     A judgment declaring that Great-West discriminated against Mr. Moynihan in violation of 29 U.S.C. §§ 621-634.

(b)     A money judgment representing compensatory damages, including lost wages, and all other sums of money, including retirement benefits and other employment benefits;

(c)     A money judgment representing liquidated damages for Great-West's willful violations of the ADEA;

(d)     A money judgment representing interest on this Court's award from the date of Mr. Moynihan's termination until the date of payment on a compound basis;

(e)     An Order directing Great-West to reinstate Mr. Moynihan or, in the alternative, front pay for seven (7) years;

(f)     A money judgment to recoup any tax loss suffered by Mr. Moynihan as a result of receiving a lump sum award;

(g)     That the Court retain jurisdiction over this action until Great-West has fully complied with the Orders of this Court and that the Court require Great-West to file such reports as may be necessary to supervise such compliance;

(h)     The costs of suit, including an award of reasonable attorneys' fees pursuant to 29 U.S.C. §§ 626(b) and 216(b); and the FLSA, and

(j)     Such other and further relief as may be just and proper.

## JURY DEMAND

Mr. Moynihan demands trial by jury of all questions of fact raised in this action.

Dated at Darien, Connecticut this 11th day of January, 2007.

THE PLAINTIFF
RICHARD MOYNIHAN

BY: _____

AMY S. ZABETAKIS (AZ-9971)
Rucci, Burnham, Carta, Carello & Reilly, LLP
30 Old Kings Highway South
Post Office Box 1107
Darien, Connecticut 06820
(203) 899-3300 (Phone) (203) 655-4302 (Facsimile)
azabetakis@rucciburnham.com